UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR R. YOST, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>ROHM GMBH, et al.,<br><br>   Defendants. | Case No. 13-cv-05203-JST<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 55 |

  Plaintiffs Arthur R. Yost, Erika Yost, and Energy Concepts, Inc. move to file under seal Exhibits 3-9 and 12-24 in support of their opposition to Defendants' motion for partial summary judgment. ECF No. 55. No declaration in support of sealing has been filed. The Court will deny the motion.

## I. LEGAL STANDARD

  A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

  Any request for sealing must establish "that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . ." Civil L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). When one party files the motion to seal, but the basis for the sealing request is another party's designation of the documents as confidential, the designating party has four days from the date the motion is filed to file a declaration establishing that the

documents should be sealed. Civil L.R. 79-5(e)(1).

Plaintiffs, as the filing party, have identified Black & Decker, Inc. as the party that has designated the documents sought to be sealed as confidential. ECF No. 55 at 1. Accordingly, the designating party was required to file a declaration in support of the motion to seal within four days of November 10, 2015. Without the declaration in support of the motion to seal, the Court cannot ascertain whether the documents "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). Plaintiffs' assertion that the documents are the subject of a protective order is not sufficient to establish that the documents should be sealed. Civil L.R. 79-5(d).

Accordingly, the Court finds that the motion to seal fails to comply with Civil Local Rule 79-5. The Court also finds that the parties have failed to rebut the strong presumption in favor of public access to court documents. The Court hereby denies the motion to file under seal.

The document will not be considered by the Court unless Plaintiffs file the document in the public record within seven days from the date of this Order. Civil L.R. 79-5(f)(2). The hearing date and briefing schedule on the underlying motion shall remain as originally set.

IT IS SO ORDERED.

Dated: November 18, 2015

_____
JON S. TIGAR
United States District Judge